UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>DENISE MARIE HERRERA,<br><br>                          Defendant. | Case No.:  3:20-cr-02620-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

Defendant Denise Marie Herrera, proceeding pro se, filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 821 to the Sentencing Guidelines, (ECF No. 43). Pursuant to General Order 755, the Court referred Defendant's motion to Federal Defenders for review and filing of a status report to determine whether the pro se motion requires further assistance of counsel. (ECF No. 39). Federal Defenders determined that the pro se motion can proceed on the existing record. (ECF No. 41). The Government filed a response in opposition to Defendant's request for a sentence reduction. (ECF No. 43). Based upon the record and the law, the Court **DENIES** Defendant's motion to reduce sentence.

On March 8, 2021, Defendant pleaded guilty to a superseding information for Importation of Methamphetamine in violation of 21 U.S.C. §§ 952, 960. (ECF Nos. 22, 23). At sentencing, the Court determined Defendant's base offense level was 34 pursuant

to United States Sentencing Guideline (U.S.S.G.) § 2D1.1(a)(5) and (c)(1) for the importation of 4.5 kilograms or more of methamphetamine, reduced from a base offense level of 38 for Defendant's minor role adjustment. U.S.S.G. § 2D1.1(a)(5). Defendant also received a 3-level downward adjustment for acceptance of responsibility, a 2-level downward adjustment for minor role, and a 4-level downward departure for Fast Track pursuant to U.S.S.G. § 5K3.1. The Court calculated Defendant's total adjusted offense level as 25 with a criminal history score of 21[1], and a criminal history category of VI, resulting in a guideline range of 110 to 137 months in custody. Defendant was sentenced to 77-months in BOP custody, and five years of supervised release. (ECF No. 36).

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

(emphasis added).

Part A to Amendment 821 modified U.S.S.G. § 4A1.1(e) to now add one criminal history point instead of two "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). As applied here, Defendant would have received one criminal history point instead of two for having committed the offense while

---

[1] As a result of seven prior adult convictions, Defendant had nineteen criminal history points. Defendant also received an additional two points for having committed the charged offense while under a criminal justice sentence pursuant to § 4A1.1(d), for a total criminal history score of 21.

under a criminal justice sentence, resulting in a total of 20 criminal history points. Defendant would still have a criminal history category of VI, with a guideline range of 110 months to 137 months in custody.  Because the applicable policy statement limits the Court's ability to reduce a defendant's sentence to a term that is less than the minimum of the amended guideline range, and Defendant was sentenced to a term of imprisonment significantly lower than the guideline range, Defendant is not entitled to a sentence reduction under Part A of Amendment 821.  See U.S.S.G. § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 827 (2010) (Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").

Part B of Amendment 821 reduces the offense level for certain offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a).  Because Defendant is not a zero-point offender, Part B is inapplicable.

Accordingly, Defendant's request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.  (ECF No. 38).

**IT IS SO ORDERED.**

DATED: April 10, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE